Dear Mayor Penn:
This office is in receipt of your request for an opinion of the Attorney General in regard to the filling of the position of town auditor and chief of police for the Village of Bonita.
You relate that you proposed at the regular meeting on June 1 that the Village keep the CPA used the prior year as auditor, Mrs. Harper, but two of the three aldermen went on record that they were not pleased with her. One of these aldermen said the State Office told her the Village had until July 15th to fill the position, but you understood from the letter you received from the office of the Legislative Auditor that you needed an auditor in place by the first of July.
You also point out that you recommended that Debbie Hall, who had been filling in as interim police chief since April, be hired as Chief of Police
This was not acted upon although one alderman made motions in both instances to hire the auditor you recommended that had been used the prior year, and that Ms. Hall be retained as Police Chief, but there was no motion to second the recommendations.
You called a special meeting on June 9 but the two aldermen opposed to the nominations did not come. Then at the special meeting called on June 14 the budget was approved, but there was no action taken on the hiring of an auditor or chief of police.
After contacting the Legislative Auditor's office by letter on June 23 for assistance he responded in a letter dated July 6, 2004 wherein he stated that the Village's audit report for the year ending June 30, 2004 was required to be completed and submitted to his office by December 31, 2004.
He further pointed out that this office has consistently opined that the Mayor of a Lawrason Act municipality shall appoint the auditor subject to confirmation by the Board of Aldermen; and he is similarly authorized to appoint the police chief subject to confirmation by the aldermen.
Noting that R.S. 24:518 provides for penalties for any office of an auditee that is in noncompliance with the state audit law, he stated it was "imperative that the Village of Bonita engage an auditor immediately, in order to ensure that the June 30, 2004 report will be submitted to my off ice by the statutory due date."
He then recommended if the mayor and the majority of the aldermen could not agree upon an auditor and chief of police, the Village should obtain an opinion of this office on how the issue should be resolved.
In Atty. Gen. Ops. 95-19 and 91-28 this office recognized that the mayor is authorized to appoint a city attorney subject to the approval of the board of aldermen. In the latter opinion this office stated, "Thus, the mayor must place a name before the board of aldermen, and if the board should refuse to confirm the mayor's appointment, the mayor must tender a new appointment until both he and the board of aldermen can concur. The incumbent will remain in office until this is accomplished."
This is consistent with the provisions of R.S. 42:2 which provide, "Every public officer in this state except in case of impeachment or suspension, shall continue to discharge the duties of his office until his successor is inducted into office."
Accordingly, we would follow the directive of this statute as recognized in the cited opinions of this office, and therefore recommend that you tender new names for the positions involved and seek the approval of the board of aldermen to that nominee.
We hope this sufficiently states the manner required to resolve the conflict.
 Very truly yours, CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By:_____________________________ BARBARA B. RUTLEDGE Assistant Attorney General